## MAE STRONG v. STATE.

No. A-10492.  Nov. 21, 1945.
(164 P. 2d 252.)

E. D. Reasor and Reily & Reily, all of Shawnee, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Claude Hendon, Co. Atty., of Shawnee, for defendant in error.

BAREFOOT, P. J.  The defendant Mae Strong was charged jointly with Ollie Strong, in Pottawatomie county, with the crime of assault and battery with intent to kill.  They were tried and both convicted, and each sentenced to serve one year and one day in the State Penitentiary.  The court suspended the sentence as to the defendant Ollie Strong during good behavior; and the defendant Mae Strong has appealed from the judgment and sentence assessed against her.

The error complained of is that the evidence is insufficient to sustain the judgment and sentence, and that the sentence imposed should be modified.

This case arose by reason of a dispute between the two defendants and one Mary Ester, the prosecuting wit-

ness, over the possession of a small tract of land in the city of Shawnee. This property was owned by Charles E. Wells, who had given Mrs. Ester permission to use the same for garden purposes, and she had a garden growing thereon. He subsequently sold the property to the defendants, and on the morning of August 22, 1942, the defendant and Ollie Strong, her brother-in-law and codefendant, went to the lot for the purpose of measuring the same, and to fence it. They encountered the husband of the prosecuting witness, and informed him of their purpose. The prosecuting witness appeared and some harsh words were passed. The testimony as to what was said is conflicting and need not be stated. The defendants left the scene for the purpose of seeing Mr. Wells, who had sold them the property. They saw him, and also saw a justice of the peace.

On the same day and about noon, the defendants were returning to their home, and stopped at the home of a Mrs. Effinger to pay her for some laundry. Just as the defendant Mae Strong came from the house, she encountered the prosecuting witness. Ollie Strong, the codefendant, was standing across the street. The defendant and the prosecuting witness started fighting. The evidence is conflicting as to who was the aggressor. The prosecuting witness testified that while they were fighting Ollie Strong kicked her in the side. This was denied by the defendant and by Ollie Strong, and also by some four or five disinterested witnesses who saw the difficulty. The prosecuting witness was the only one who testified to this fact, all of the witnesses testifying that Ollie Strong was standing across the street, and that they did not see him kick her. The evidence revealed that the two women had quite a fight, and that while the prosecuting witness was pulling the hair of defend-

ant, defendant bit one of her fingers. A picture of the prosecuting witness was offered in evidence, and it showed severe bruises on her body, and a woman doctor who examined her testified as to the extent of her injuries, and that she was not able to be about for a number of days. There was no evidence that defendant used anything other than her hands in the fight, except that she bit the prosecuting witness when the witness was pulling her hair.

We have carefully examined the record, and have reached the conclusion that the evidence in this case does not justify the sentence imposed. It only justifies the finding of the defendant guilty of assault and battery.

For the reasons above stated, the judgment and sentence of the district court of Pottawatomie county of one year and one day in the State Penitentiary is modified to a fine of $50 and costs; and, as so modified, the judgment is affirmed.

JONES, J., concurs. DOYLE, J., not participating.